IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GODINGER SILVER ART, LTD. | Civil Action No.: _____ |
| Plaintiff | COMPLAINT |
| v. | |
| LIRAN HIRSCHKORN, | |
| Defendant. | |

Plaintiff, Godinger Silver Art, Ltd. ("Plaintiff" or "Godinger Silver"), for its Complaint against Defendant Liran Hirschkorn ("Defendant" or "Hirschkorn"), alleges as follows:

## THE PARTIES

1. Godinger Silver is a New York limited partnership with a place of business at 63-15 Traffic Avenue, Ridgewood, New York 11385.

2. Upon Information and belief, Hirschkorn is an individual residing at 6753 173rd Street, Fresh Meadows, New York 11365.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act of 1952, 35 U.S.C. §§ 1 *et seq.* and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*  This Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 based on an actual controversy between Godinger Silver and Hirschkorn created when Hirschkorn instructed Amazon.com, Inc., ("Amazon") to no longer allow the sale of Godinger Silver's accused product (the "Godinger Silver Product,"

2

attached hereto as Exhibit A) due to alleged patent infringement of a design patent owned by Hirschkorn.

4. Upon information and belief, Hirschkorn is currently doing business in this judicial district, has purposefully availed himself of the privilege of conducting business with residents of this judicial district, and/or has established sufficient minimum contacts with New York such that Hirschkorn should reasonably and fairly anticipate being hauled into court in New York.

5. Venue is proper in this judicial district at least under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

6. Godinger Silver first sold its initially accused product (the "Godinger Silver Original Product"), on Amazon on or about December 19, 2017.

7. On information and belief, Hirschkorn contacted Amazon on July 31, 2018 requesting the removal of the Godinger Silver Original Product from Amazon.com because the product allegedly infringed U.S. Design Patent No. D824,263 which issued on July 31, 2018 ("the '263 patent," attached hereto as Exhibit B) owned by Hirschkorn.

8. On or about August 1, 2018, Amazon notified Godinger Silver that as a result of the Hirschkorn "take down" request, it would be removing the listing for the Godinger Silver Original Product.

9. On or about August 2, 2018, Godinger Silver notified counsel for Hirschkorn of prior art which Godinger Silver believes renders the '263 patent invalid.

10. Notwithstanding the existence of this invalidating prior art, Godinger Silver modified the Godinger Silver Original Product (this modified design is the Godinger Silver Product at Exhibit A) in a manner to further distinguish its product from the design claimed in the '263 patent.

11. On or about October 22, 2018, Amazon notified Godinger Silver that as a result of a new "take down" request by Hirschkorn based on the '263 patent, it had removed the listing for the Godinger Silver Product.

12. Based on Hirschkorn's new take down request to Amazon, and Amazon's delisting of the Godinger Silver Product, there is now an actual and justiciable controversy between Plaintiff and Hirschkorn regarding, *inter alia*, infringement and invalidity of the '263 patent that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## FIRST COUNT

**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '263 PATENT)**

13. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint.

14. The '263 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103.

15. For example, the '263 patent is invalid under 35 U.S.C. §§ 102, 103 in view of the prior art, including but not limited to, the World Globe on a wooden stand with 4 shot glasses.  (*See* screenshots of the World Globe including customer reviews showing the product was sold prior to the February 22, 2017 filing date of the '263 patent, attached hereto as Exhibit C.)

16. On information and belief, the World Globe on a wooden stand with 4 shot glasses clearly shows a globe-shaped decanter with a square base with peripheral bevel to the base claimed in the '263 patent.  Accordingly, this prior art would have provided a person of ordinary skill in the art with a motivation to develop the claimed invention with a reasonable expectation of success.

17. Godinger reserves the right to provide additional bases for invalidity of the '263 patent in pleadings filed and/or served later in this action.

18. Accordingly, Godinger is entitled to a declaratory judgment that at the '263 patent is invalid.

## SECOND COUNT
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '263 PATENT)

19. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint.

20. The use, manufacture, offer for sale, sale, and/or importation of the Godinger Silver Product does not infringe and will not infringe, directly or indirectly, the '263 patent because the accused Godinger Silver Product and the article depicted in the '263

4

patent are sufficiently different in the eyes of the ordinary observer, particularly when considered in the context of the prior art of Exhibit C.

21. The base of the Godinger Silver Product is significantly different than the base of the patented design. The design patent shows a square base with a peripheral bevel. In contrast, the base of the Godinger Silver Product is not square, rectangular, or even a parallelogram. Rather, it is a base with curved side walls and no beveled edge as shown in Exhibit A. When the differences between the '263 patent and the Godinger Silver Product are viewed in light of the prior art of Exhibit C (which shows a similar decanter), the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art, namely the respective bases.

22. Applying the ordinary observer test in view of these differences, the Godinger Silver Product does not infringe the '263 patent. Godinger Silver is therefore entitled to a declaration that Hirschkorn has no claim for relief from or against Godinger Silver for any alleged infringement of the '263 patent, and therefore should cease interfering with Godinger Silver's ability to market its product, including withdrawing its take-down request to Amazon.

## PLAINTIFF'S REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant Hirschkorn as follows:

A. Declaring that the '263 patent is invalid and unenforceable;

B. Declaring that Godinger Silver's Product has not and will not infringe the '263 patent;

C. Enjoining Defendant from continuing to maintain the takedown notice issued to Amazon.com, Inc.:

D. Declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285;

E. Awarding Plaintiff its costs and expenses; and

F. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 2, 2018           COZEN O'CONNOR

By: */s/ Lisa A. Ferrari*
Lisa A. Ferrari (LF8081)
Edward M. Weisz (EW4461)
**Cozen O'Connor**
277 Park Avenue
New York, NY 10172
Telephone: (212) 883-4900
Facsimile: (212) 986-0604
lferrari@cozen.com
eweisz@cozen.com

*Attorneys for Plaintiff Godinger Silver Art, Ltd.*