# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

GODINGER SILVER ART LTD. and P & W GIFTS LLC,

                Plaintiffs,

    v.

LIRAN HIRSCHKORN,

                Defendant.

Civil No. 1:18-cv-06175 (ENV)(ST)

Hon. Eric N. Vitaliano

**DEFENDANT'S MEMORANDUM OF LAW
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**

Date served: January 28, 2019

Table of Contents

I.   INTRODUCTION ……………………….…………………………….……………… 1

II.  RELEVANT PROCEDURAL POSTURE AND STATEMENT OF UNDISPUTED FACTS . 1

III.  ARGUMENT ………………………………………………………………….. 5

   A.   Standard of Review ………………………………………………….……… 5

   1.  Pleading Requirements Under Fed. R. Civ. P. 8 …………………………………... 5

   2.  Tortious Interference with Prospective Business Relations Under New York Law …..… 6

   a. The 2nd Element – Defendant's Interference ……………………………………… 6

   b. The 3rd Element – Sole Purpose/Used Dishonest, Unfair or Improper Means …………. 7

   c. The 4rd Element – Injury to the Business Relationship ………………………… 8

   B.   Count FIVE Should be Dismissed …………………………………………… 8

   1.   Plaintiffs Failed to Allege Sufficient Facts to Show Count Five is Plausible …………. 9

   a.  Plaintiffs Failed to Allege Facts to Show Sufficient Interference is Plausible ………... 9

   b.  Insufficient Facts are Pled to Show Sole Purpose or Criminal or Independent Tort ….. 10

   i.  Plaintiffs admit that Hirschkorn's Actions Were Motivated by His Own Economic Self

      Interest ………………………………………………………………………11

   ii.  Plaintiffs Fail to Plead Hirschkorn Committed a Criminal Act or an Independent Tort or

      Used Wrongful Means …………………………………………………..……….… 12

   c.  Plaintiffs Never Plead Injury to the Business Relationship ………………..……….. 13

   2.   This Court Lacks Subject Matter Jurisdiction to Hear Count Five ……………..…… 14

   3.   Count Five is Preempted by Federal Patent Law …………………………..…… 15

IV.  CONCLUSION ……………………………………………………………… 17

Table of Authorities

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ……………………………………………….…………………….. 4, 5, 6

*Astor Holdings, Inc. v. Roski*,
    2002 U.S. Dist. Lexis 758 (SDNY, 2002) ………………………………………... 7, 10, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ……………..……………………………………………… .4, 5, 6

*Brown v Lockwood*,
    76 AD2d 721 (2d Dept 1980) ………………………………….………………………….. 12

*Bus. Networks of N.Y. Inc. v. Complete Network Solutions, Inc.*,
    265 A.D.2d 194,696 N.Y.S.2d 433 (N.Y. App. Div. 1999) ………..……………………… 6

*Carson Opt., Inc. v. Prym Consumer USA, Inc.*,
    11 F. Supp. 3d 317 (EDNY 2014) ……………………………………………… 15

*Carvel Corp. v. Noonan*,
    350 F.3d 6 (2d Cir. 2003) ………………………………….……..…… 6, 7, 8, 9, 10

*Clearplay Inc. v Nissim Corp.*,
    555 F. Supp. 2d 1318 (DS Fla. 2008) ………………………………….…………… 16-17

*Doe v Min Taek Kim*,
    2015 Pa. Dist. & Cnty. Dec., LEXIS 742 (CP Sept. 24, 2015) ……………………………… 4

*Global Network Commc'ns v. City of New York*,
    458 F.3d 150 (2d Cir. 2006) ………………………………………………..…….. 5

*Globetrotter Software, Inc. v Elan Computer Group, Inc.*,
    362 F.3d 1367 (Fed. Cir. 2004) ………………………………………..……… 15, 17

*Hassan v. Deutsche Bank A.G.*,
    515 F. Supp. 426 (SDNY 2007) …………………………………………………….. 7, 11

*Henneberry v. Sumitomo Corp. of Am.*,
    415 F. Supp.2d 423 (S.D.N.Y. 2006) ……………………………………………….. 6

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
    153 F.3d 1318 (Fed. Cir. 1998) ………………………………….…………………… 16

*Kaiser v Western States Administrators*,
   702 A.2d 609 (Pa. Commw. Ct. 1997) ……………………………………….…….. 4

*Mannino v. Goldstein*,
   2017 N.Y. Misc. LEXIS 2443 (N.Y. Sup. Ct. May 19, 2017) …………………..…… 8, 13

*Midwest Ind. Inc. v. Karavan Trailers, Inc.*,
   175 F.3d 1356 (Fed. Cir. 1999) ………………………………………………….…… 16

*M.J. & K. Co. Inc. v. Matthew Bender and Co.*,
   220 AD2d 488 (2d Dept. 1995) ……………………………………………..……… 8

*Nadel v. Play-by-Play Toys & Novelties, Inc.*,
   208 F.3d 368 (2d Cir. 2000) ………………………………………………………… 6

*NBT Bancorp v Fleet/Norstar Fin. Group*,
   87 NY2d 614 (1996) ………………………………………………..………….. 7

*Robinson v. Town of Kent*,
   2012 US Dist. LEXIS 102992 (SDNY July 24, 2012) ……………….………… 5, 6, 13

*Snyder v. Sony Music Entertainment, Inc.*,
   252 A.D.2d 294, (1st Dept. 1999) …………………………..………………….. 7

*Technest Holding, Inc. v Deer Cr. Fund LLC*,
   2008 US Dist. LEXIS 61560 (SDNY Aug. 12, 2008) ………………………..…… 6, 8, 11

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
   411 F.3d 1369 (Fed. Cir. 2005) ……………………………………….…………… 15

*Va. Panel Corp. v. MAC Panel Co.*,
   133 F.3d 860 (Fed. Cir. 1997) ……………………………………………………… 15

*Von Rohr Equip. Corp. v. Tanner Bolt & Nut Corp.*,
   2017 US Dist. LEXIS 184539 (EDNY Nov. 6, 2017) ……………………………... 6, 9

## I.    INTRODUCTION

The only remaining count of Plaintiffs' Amended Complaint is Count 5 for Tortious Interference with Prospective Business Relations. In order to comply with Fed. R. Civ. P. 8, Plaintiffs are required to allege sufficient facts in their Amended Complaint to show that it is plausible that Hirschkorn tortiously interfered with prospective business relations of Plaintiffs. This means that Plaintiffs must allege sufficient facts to show, *inter alia*, that it is plausible that: (1) Hirschkorn interfered with Plaintiffs' business relations with a third party; (2) Hirschkorn acted with the sole purpose of harming Plaintiffs or Hirschkorn used dishonest, unfair, or improper means; and (3) Hirschkorn actually caused injury to the business relationship. Plaintiffs failed to allege sufficient facts in their amended complaint to show that any of these elements is plausible. Additionally, Plaintiffs failed to show that this Court has subject matter jurisdiction or that Plaintiffs' remaining state law claim is not preempted by federal patent law.  Accordingly, this Court should dismiss Plaintiffs' Amended Complaint. Furthermore, because Plaintiffs cannot allege sufficient facts to show that it is plausible that Hirschkorn tortiously interfered with any of Plaintiffs' business relations with third parties, that this Court has subject matter jurisdiction AND Plaintiffs' state law claim is not preempted by federal patent law, this Court should dismiss Plaintiffs' Amended Complaint (D.E. 8) with prejudice.

## II.    RELEVANT PROCEDURAL POSTURE AND STATEMENT OF UNDISPUTED FACTS

On November 2, 2018, Plaintiff Godinger Silver Art, Ltd. filed its initial complaint ("Initial Complaint") (D.E. 1) against Defendant Liran Hirschkorn which included two counts. The first count was for a Declaratory Judgment of Invalidity of U.S. Patent No. D824,263 ("the '263 Patent"). *Id.* at 3. The second count was for a Declaratory Judgment of Non-Infringement of the

'263 Patent. *Id.* at 4. Notably, the Initial Complaint did not include a count for Tortious Interference with Prospective Business Relations. *Id.*

On November 28, 2018, Plaintiffs Godinger Silver Art Ltd. and P & W Gifts LLC filed an amended complaint ("Amended Complaint") (D.E. 8) against Defendant Liran Hirschkorn which included five counts. The first two counts of the Amended Complaint were identical to the first two counts of the Initial Complaint. The third count of the Amended Complaint was for a Declaratory Judgment of Invalidity of U.S. Patent No. D826,640 ("the '640 Patent"). The fourth count of the Amended Complaint was for a Declaratory Judgment of Non-Infringement of the '640 Patent. The fifth count of the Amended Complaint was for Tortious Interference with Prospective Business Relations.

On December 5, 2018, Hirschkorn provided Plaintiffs with a covenant not to sue wherein Hirschkorn unconditionally and irrevocably covenanted not to sue Plaintiffs for infringement of:

- "the '263 Patent based on the appearance of any of Plaintiffs' current and/or previous Globe Decanter product designs, and any colorable imitations thereof, regardless of whether that Globe Decanter is produced, distributed, offered for sale, advertised, sold or otherwise used in commerce before or after the Effective Date of this Covenant," and

- "[t]he '640 Patent based on the appearance of any of Plaintiffs' current and/or previous Skull Decanter product designs, and any colorable imitations thereof, regardless of whether that Skull Decanter is produced, distributed, offered for sale, advertised, sold or otherwise used in commerce before or after the Effective Date of this Covenant."

2

Based on the Covenant Not to Sue, on December 14, 2018, the parties filed a Stipulation and [Proposed] Order requesting that this Court dismiss Counts 1 & 3 (the invalidity counts) without prejudice and Counts 2 & 4 (the noninfringement counts) with prejudice.  D.E. 24.

On December 18, 2018, this Court dismissed Counts 1 & 3 without prejudice and Counts 2 & 4 with prejudice. D.E. 25. After the Court's December 18, 2018 Order, the only remaining count in the Amended Complaint is Count 5 for Tortious Interference with Prospective Business Relations.

The relevant allegations contained in Plaintiffs' Amended Complaint, which must be accepted as true for purposes of this Motion to Dismiss, are as follows:

- Hirschkorn filed several take down requests with Amazon for Amazon to remove listings for products that P & W Gifts offered through Amazon because Hirschkorn believed that these products infringed two of his issued design patents. Am. Compl. at ¶¶ 7-8, 12-15, and 17.

- Amazon reviewed the take down requests that were filed and Amazon decided that the listings for the relevant products should be removed.  *Id.* at ¶¶ 9, 13, 16, and 17.

- Each time Amazon intended to remove the listing for one of P & W Gifts' products, Amazon notified P & W Gifts to permit P & W Gifts to challenge the take down.  *Id.* at ¶¶ 9, 13, 16, and 17.

- In several instances, P & W Gifts' challenges to the take down request were successful and Amazon decided not to remove the listings for the relevant product.  *Id.* at ¶ 16, 17, and 18.

- Hirschkorn offers for sale products that directly compete with Plaintiffs' accused products. Am. Compl. at ¶ 37.

- P & W Gifts has a business relationship with Amazon. *Id.* at ¶ 38.

- Hirschkorn knew of the relationship between P & W Gifts and Amazon. *Id.* at ¶ 39.

- "Hirschkorn acted [to] enhance sales of Hirschkorn's competing products." *Id.* at ¶ 45.

In addition, Plaintiffs' Amended Compliant includes numerous statements which are not factual allegations, but are instead legal conclusions, bare assertions or conclusory allegations. None of these allegations are entitled to a presumption of truth for the purposes of this Motion to Dismiss. "A legal conclusion is a statement of legal duty without stating the fact from which the duty arises. A statement of the existence of a fact could be a legal conclusion if the fact stated is one of the ultimate issues in the proceeding." *Doe v Min Taek Kim,* 2015 Pa. Dist. & Cnty. Dec., LEXIS 742, at *9 (CP Sept. 24, 2015) (*citing Kaiser v Western States Administrators*, 702 A.2d 609, 614 (Pa. Commw. Ct. 1997)). A bare (or naked) assertion is a mere label and conclusion which stops short of the line between possibility and plausibility required by Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A conclusory allegation is one that relies on legal labels instead of subsidiary facts. *Id.* at 677. The legal conclusions, bare assertions or conclusory allegations contained in Plaintiffs' Amended Complaint, (again which this Court should not accept as true for purposes), are as follows:

- "Hirschkorn misused the Amazon 'take-down' policy by making wrongful and baseless claims . . .". *Id.* at ¶ 40.

- "Hirschkorn's actions were done with the intent to interfere with" Plaintiffs' relationships with various third parties. *Id.* at ¶ 41.

- "In making his wrongful and baseless infringement allegations to Amazon, Hirschkorn used dishonest, unfair and improper means to interfere with Plaintiffs' businesses." *Id.* at ¶ 42.

- "Hirschkorn's actions were done with an intent to harm Plaintiffs." *Id.* at ¶ 43.

- "Hirschkorn acted as aforesaid to squelch competition from Plaintiffs and enhance sales of Hirschkorn's competing products, which are also sold on Amazon's website.\" *Id.* at ¶ 45.

- "Plaintiffs have been materially damaged by Hirschkorn's improper actions." *Id.* at ¶ 46.

## III.  ARGUMENT

### A.  Standard of Review

#### 1.  Pleading Requirements Under Fed. R. Civ. P. 8

"[T]he purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleadings without considering the substantive merits of the case." *Robinson v. Town of Kent*, 2012 US Dist. LEXIS 102992, at *11 (SDNY July 24, 2012) (*citing Global Network Commc'ns v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).  "In order to satisfy the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face" *Id.* at *13 (*citing Iqbal*, 556 U.S. at 678) (*citing Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Id.*  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true and draw all reasonable inferences in plaintiff's favor. *Id.* at *12.  "However, this requirement does not apply to legal conclusions, bare assertions or conclusory allegations." *Id.* (*citing Ashcroft*, 556 U.S. at 678, 681.) (*citing Twombly*, 550 U.S. at 555.)  "A complaint that 'tenders naked assertions devoid of further factual enhancements' will not survive a motion to dismiss under Rule

12(b)(6). *Id.* at 14 (*citing Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotation marks omitted) (brackets omitted))).

### 2. Tortious Interference with Prospective Business Relations Under New York Law

For a claim of tortious interference with prospective business relations under New York law, Plaintiffs must prove: "(1) business relations with a third party; (2) the Defendant's interference with those business relations; (3) the Defendant acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) injury to the business relationship." *Technest Holding, Inc. v Deer Cr. Fund LLC*, 2008 US Dist. LEXIS 61560, at *22 (SDNY Aug. 12, 2008) (*citing  Nadel v. Play-by-Play Toys & Novelties, Inc.,* 208 F.3d 368, 382 (2d Cir. 2000); *see also Carvel Corp. v. Noonan,* 350 F.3d 6, 17 (2d Cir. 2003); *Henneberry v. Sumitomo Corp. of Am.,* 415 F. Supp.2d 423, 467-68 (S.D.N.Y. 2006)).

### a.   The 2nd Element – Defendant's Interference

In order to properly state a claim for tortious interference with prospective business relations, Plaintiffs must allege a specific prospective relationship with which Defendant allegedly interfered.  *Von Rohr Equip. Corp. v. Tanner Bolt & Nut Corp.*, 2017 US Dist. LEXIS 184539, at *21 (EDNY Nov. 6, 2017) (*citing Bus. Networks of N.Y. Inc. v. Complete Network Solutions, Inc.*, 265 A.D.2d 194,696 N.Y.S.2d 433, 435 (N.Y. App. Div. 1999)).  Moreover, the "conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship."  *Carvel Corp.*, 3 N.Y.3d at 192.

Where Plaintiffs have not pled an existing, enforceable contract between Plaintiffs and the third party, and Plaintiffs' claims are based on a prospective business relation, Plaintiffs

"must show more culpable conduct on the part" of the Defendant.  *NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614,621 (1996).

> [W]here a suit is based on interference with a nonbinding relationship, the plaintiff must show that defendant's conduct was not "lawful" but "more culpable."  The implication is that, as a general rule, the defendant's conduct must amount to a crime or an independent tort.  Conduct that is not criminal or tortious will generally be "lawful" and thus insufficiently "culpable" to create liability for interference with prospective contracts or other nonbinding economic relations.

*Carvel Corp.* 3 N.Y.3d at *190.  In this case, in order to meet their Fed. R. Civ. P. 8 requirements, Plaintiffs must plead sufficient facts to show that Hirschkorn committed a criminal act or an independent tort.

      b.   The 3rd Element – Sole Purpose/Used Dishonest, Unfair or Improper Means

Regarding the 3rd tortious interference element, "dishonest, unfair, or improper means" are sometimes collectively called "wrongful means".  *Astor Holdings, Inc. v. Roski*, 2002 U.S. Dist. Lexis 758, at *64 (SDNY, 2002) (*citing Snyder v. Sony Music Entertainment, Inc.*, 252 A.D.2d 294, 300, (1st Dept. 1999)).  "Wrongful means include 'physical violence, fraud, misrepresentation, civil suits, criminal prosecution and some degree of economic pressure, but more than simple persuasion is required.'"  *Id.*

"[T]he New York Court of Appeals [has] held that unless the conduct at issue is 'criminal or independently tortious,' to establish the tort, the Plaintiffs must prove that 'Defendant[s] [have] engage[d] in conduct for the sole purpose of inflicting intention harm on Plaintiffs.'"  *Hassan v. Deutsche Bank A.G.*, 515 F. Supp. 2d 426,430 (SDNY 2007) (*citing Carvel Corp.* 3 N.Y.3d at 190).  "Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for interference with prospective contracts or other nonbinding economic relations."  *Id.*  "A motive of 'normal economic self-interest' is inconsistent with a sole purpose of inflicting intentional harm."  *Id. (*citation omitted). "Actions

taken, at least in part, to promote or advance [Defendant's] economic self-interest are, by definition, not taken for the sole purpose of harming [plaintiff]." *Technest Holding*, 2008 US Dist. Lexis 61560 at *22.

        c.  The 4rd Element – Injury to the Business Relationship

"Tortious interference with business relations applies to situations where the third party *would have* entered into or extended a contractual relationship with plaintiff[s] *but for the intentional and wrongful acts of the Defendant.*" *Mannino v. Goldstein*, Case No. 712257/2016, 2017 N.Y. Misc. LEXIS 2443, *7 (N.Y. Sup. Ct. May 19, 2017) (*citing M.J. & K. Co. Inc. v. Matthew Bender and Co.,* 220 AD2d 488, 490 (2d Dept. 1995). "Plaintiffs cannot succeed on their claim where, as here, they have not and cannot allege that they were prevented from entering into a contract due to [Defendants]." *Id.*

    **B.  Count FIVE Should be Dismissed**

This Court should dismiss Plaintiffs' Count Five (and therefore the Amended Complaint) for a myriad of reasons. First, Plaintiffs have failed to allege sufficient facts to show that: (a) Hirschkorn sufficiently interfered with Plaintiffs' business relationship with Amazon, (b) Hirschkorn acted for the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (c) Plaintiffs' business relationship with Amazon was damaged. Second, this Court does not have subject matter jurisdiction over this state law claim. Now that Counts One – Four have been dismissed, this Court does not have supplemental jurisdiction over Count Five. Furthermore, Plaintiffs stipulated to the dismissal of Counts One - Four. Third, plaintiff's Count Five is pre-empted by federal patent law. For any, or all, of these reasons, this Court should dismiss Plaintiffs' Amended Complaint. Each of these reasons is addressed in additional detail below.

**1.   Plaintiffs Failed to Allege Sufficient Facts to Show Count Five is Plausible**

In order for Plaintiffs' Count Five to survive this Motion to Dismiss, Plaintiffs must allege sufficient facts to show that it is plausible that: (1) Hirschkorn sufficiently interfered with Plaintiffs' business relations with a third party; (2) Hirschkorn acted with the sole purpose of harming the plaintiff or Hirschkorn used dishonest, unfair, or improper means; and (3) Hirschkorn actually caused injury to the business relationship.

a.   Plaintiffs Failed to Allege Facts to Show Sufficient Interference is Plausible

Prior to analyzing whether Plaintiffs sufficiently pled facts to show Count Five is plausible, the Court needs to determine which specific third-party prospective business relationship Plaintiffs are claiming Hirschkorn interfered with. *Von Rohr Equip. Corp.*, 2017 US Dist. LEXIS 184539, at *21.   Unsure of which prospective relationships Hirschkorn allegedly interfered with, Plaintiffs use a "shotgun" approach and include every conceivable relationship they could dream of, namely: (i) P & W Gifts' relationship with Amazon, (ii) P & W Gifts' relationship with P & W Gifts' potential customers that buy P & W Gifts products on Amazon, (iii) Godinger Silver's relationship with its retail customers, (iv) Godinger Silver's relationship with P & W Gifts, and (v) P & W Gifts with the public. Am. Compl. at ¶¶ 41, 44, and 45.

However, in addition to specifically identifying the prospective business relationship, Plaintiffs are also required to plead conduct *directed to the third party, Plaintiffs seek to have a relationship with.  See Carvel Corp.,* 3 N.Y.3d at 192.  The only conduct Plaintiffs complain about in their Amended Complaint is the take down notices Hirschkorn submitted to Amazon. Accordingly, the only prospective business relationship Plaintiffs are alleging Hirschkorn interfered with is the prospective business relationship between P & W Gifts and Amazon.  Am. Compl. at ¶¶ 38 ("P & W Gifts had a business relationship with Amazon"), 39 ("Hirschkorn was

9

aware of P & W Gifts' relationship with Amazon"), 40 ("Hirschkorn [allegedly] misused the Amazon 'take-down' policy . . ."). As such, this Court should hold that the only third-party relationship that Hirschkorn allegedly interfered with is the prospective relationship between P & W Gifts and Amazon.

Once Count Five is properly limited to an allegation of tortious interference with the prospective business relationship between P & W Gifts and Amazon, the Court should examine whether or not Plaintiffs allege facts to show that Hirschkorn "sufficiently" interfered with this prospective business relationship. The only action Plaintiffs complain of is that Hirschkorn filed several take-down notices with Amazon for two of P & W Gifts' products. Am. Compl. at ¶¶ 8, 13, 15, and 17. Since there was only a prospective business arrangement between P & W Gifts and Amazon, filing several take down notices is not sufficient interference to support a "tortious interference" claim. *See, Carvel Corp.*, 3N.Y.3d at *190. ("Conduct that is not criminal or tortious will generally be 'lawful' and this insufficiently 'culpable' to create liability for interference with prospective contracts or other nonbinding economic relations.")

> b. Insufficient Facts are Pled to Show Sole Purpose or Criminal or Independent Tort

In order to survive a Motion to Dismiss, Plaintiffs must allege sufficient facts to show that it is plausible that either: (i) Hirschkorn's *sole* purpose in filing the take-down notices was to harm Plaintiffs or (ii) that Hirschkorn used "wrongful means" by filing the take-down notices. "Wrongful means include 'physical violence, fraud, misrepresentation, civil suits, criminal prosecution and some degree of economic pressure, but more than simple persuasion is required.'" *Astor Holdings,* 2002 U.S. Dist. Lexis 758, at *64. Plaintiffs failed to plead sufficient facts to show that either is plausible.

10

       i.    Plaintiffs admit that Hirschkorn's Actions Were Motivated by His Own Economic Self Interest

In their complaint, Plaintiffs clearly acknowledge that Hirschkorn commercially sold products that competed with the accused products.  Am. Compl. at ¶ 37 ("Hirschkorn, through a company named Royal Decanters, offers for sale on Amazon a globe-shaped decanter and a skull-shaped decanter that directly compete with Plaintiffs' Globe Decanter and Plaintiffs' Skull Decanter, respectively.").  Plaintiffs' further admit that "Hirschkorn acted as aforesaid [filing the take-down notices] to squelch competition from Plaintiffs and enhance sales of Hirschkorn's competing products, which are also sold on Amazon's website." *Id.* at ¶ 45.  Therefore, Plaintiffs have admitted that Hirschkorn was motivated by selling his products – *i.e.*, economic self-interest.

Accordingly, Plaintiffs cannot show that Hirschkorn filed the take-down notices to harm Plaintiffs. Moreover, Plaintiffs never allege that interfering with Plaintiffs' relationships with third parties was Hirschkorn's *sole* purpose for filing the take-down notices, rather Plaintiffs merely allege that "Hirschkorn's actions were done with the intent to interfere . . .."  Am. Compl. at ¶ ¶ 41.  An intent to interfere is not sufficient to support a claim of tortious interference, but rather, it must be Defendant's "sole intent".  "A motive of 'normal economic self-interest' is inconsistent with a sole purpose of inflicting intentional harm." *Hassan*, 515 F. Supp. 2d at 430*. (*citation omitted). "Actions taken, at least in part, to promote or advance [Defendant's] economic self-interest are, by definition, not taken for the sole purpose of harming [plaintiff]." *Technest Holding*, 2008 US Dist. Lexis 61560 at *22.  Plaintiffs have failed to allege that Hirschkorn's sole purpose in filing the take-down notices was to harm Plaintiffs.

ii.     Plaintiffs Fail to Plead Hirschkorn Committed a Criminal Act or an
        Independent Tort or Used Wrongful Means.

Plaintiffs also failed to plead any facts sufficient to allege that it is plausible that

Hirschkorn's filing of the take-down notices was a criminal act, an independent tort, or

"wrongful means".  Again, wrongful means include physical violence, fraud, misrepresentation,

civil suits, criminal prosecution and some degree of economic pressure.  *Astor Holdings,* 2002

U.S. Dist. Lexis 758, at *64.  Plaintiffs never allege that Hirschkorn used physical violence,

misrepresentation, civil suits, criminal prosecution or some degree of economic pressure against

Plaintiffs.  In order to properly plead fraud, Plaintiffs would have to allege sufficient facts to

show that it was plausible that Hirschkorn knowingly made false statements.  *See Brown v*

*Lockwood*, 76 AD2d 721, 730 (2d Dept 1980) ("[i]n order to sustain an action for actual fraud

the plaintiff must prove . . . that the defendant made a representation . . . known to be false by the

defendant . . .").

As readily admitted by Plaintiffs, Hirschkorn has two issued design patents, U.S. Design

Patent Nos. D824,263 and D826,640.  Am. Compl. at ¶¶ 8, 15.  Plaintiffs further admit that

Hirschkorn filed the take-down notices because Plaintiffs' products "allegedly infringed" the

patents.  *Id.*  Plaintiffs never allege Hirschkorn knowingly made a false statement by filing the

take-down notice to enforce issued U.S. Design Patents. Instead, Plaintiffs allege that

Hirschkorn's infringement allegations were "wrongful and baseless" and thus "Hirschkorn used

dishonest, unfair and improper means to interfere with Plaintiffs' businesses."  Am. Compl. at ¶

42.  Plaintiffs' claim that Hirschkorn's infringement allegations were "wrongful and baseless"

are legal conclusions and not entitled to any weight.  Plaintiffs' allegations that Hirschkorn used

"dishonest, unfair and improper means" are also legal conclusions or "[t]hreadbare recitals of the

elements of a cause of action" and are insufficient and not entitled to any weight. *See Robinson*,

2012 US Dist. LEXIS 102992, at *13. Accordingly, Plaintiffs have failed to allege sufficient facts for this Court to find that it is plausible that Hirschkorn's filing of the take-down notices were wrongful means.

> c.   Plaintiffs Never Plead Injury to the Business Relationship

Plaintiffs are required to plead sufficient facts to show injury to the business relationship between P & W Gifts and Amazon is plausible.  Plaintiffs simply fail to do so.  Instead, Plaintiffs plead "Plaintiffs have been materially damaged by Hirschkorn's improper actions."  Am. Compl. at ¶ 46.  Plaintiffs' statement is a bare assertion and/or a conclusory allegation which is entitled to no weight by this Court.  Plaintiffs fail to specifically plead any alleged facts to show that the prospective business relationship between P & W Gifts and Amazon has been injured in any way.

Moreover, under New York law, "[t]ortious interference with business relations applies to situations where the third party *would have* entered into or extended a contractual relationship with plaintiff[s] *but for the intentional and wrongful acts of the Defendant.*" *Mannino*, 2017 N.Y. Misc. LEXIS 2443 at *7.  Plaintiffs have already admitted in their Amended Complaint that "Plaintiffs' Skull Decanter remains on Amazon's website."  Am. Compl. at ¶ 18. Since Hirschkorn has retracted each of the complained of take down notices, Plaintiffs' Globe Decanter is also been relisted on Amazon's website. Accordingly, Plaintiffs' have not and cannot show any injury to the business relationship between P & W Gifts and Amazon. "Plaintiffs cannot succeed on their claim where, as here, they have not and cannot allege that they were prevented from entering into a contract due to [Defendants]." *Mannino*, 2017 N.Y. Misc. LEXIS 2443 at *7.

### 2.  This Court Lacks Subject Matter Jurisdiction to Hear Count Five

Plaintiffs claim that "[t]his Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202".  Am Compl. at ¶ 4.  28 U.S.C. § 1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiffs fail to identify any section of the Constitution, any law or any treaty of the United States that Count Five (Tortious Interference with Prospective Business Relations) is brought under.  The relevant section of 28 U.S.C. § 1338(a) states "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."  Count Five is not related to patents, plant variety protection, copyrights or trademarks. 28 U.S.C. § 2201 entitled "Creation of remedy" does not vest the district courts with subject matter jurisdiction over "tortious interference" claims.  28 U.S.C. § 2202 entitled "Further relief" states "[f]urther necessary or proper relief based on declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."  28 U.S.C. § does not vest the district courts with subject matter jurisdiction over tortious interference claims.

Count Five (Tortious Interference with Prospective Business Relations) is a pendant state law claim. Plaintiffs failed to allege that this Court had subject matter jurisdiction over Count Five under 28 U.S.C. § 1367 (Supplemental Jurisdiction) while Counts One – Four were still before this Court. Now that Count One – Four have been dismissed, this Court does not have subject matter jurisdiction over Count Five – the remaining state law claim.  Without Counts One – Four (the federal patent law claims), there is no independent basis for this Court to hear Count Five and, therefore, Count Five should be dismissed.

### 3.  Count Five is Preempted by Federal Patent Law

As described above, based on his two design patents, Hirschkorn filed several take-down notices with Amazon and, Amazon reviewed the take down notices filed and removed several of Plaintiffs' products from Amazon's website.  Am Compl. at ¶¶ 8, 9, 13, 15, 16, and 17. This is a permissible use of Hirschkorn's design patents.  [A] patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction."  *Globetrotter Software, Inc. v Elan Computer Group, Inc.*, 362 F.3d 1367, 1374-75 (Fed. Cir. 2004) (*quoting Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997)).

In Count Five, Plaintiffs allege that Hirschkorn's use of his design patents in this manner was a tortious interference with Plaintiffs' prospective business relations.  Since Plaintiffs fail to specifically identify any section of the U. S. Constitution, or laws or treaties of the United States supporting their tortious interference count, Hirschkorn understands that Count Five is brought under the laws of New York State. Plaintiffs' state law Count Five is preempted by federal law.

"Federal Circuit law governs whether federal patent law preempts a state law claim." *Carson Opt., Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 328 (EDNY 2014) (*citing Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005)).  "A state law claim is preempted if it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id*. (citations omitted).  As the Federal Circuit instructed:

> [t]o determine whether these state law torts are in conflict with federal patent law and accordingly preempted, we assess a Defendant's allegedly tortious conduct. If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law. Conversely, if the conduct is not so protected or governed, then the remedy is not preempted. This approach, which

> considers whether a state law tort, 'as-applied,' conflicts with federal patent law, is consistent with that employed by the Supreme Court in cases involving preemption of state unfair competition law.

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998), *Overruled on other grounds by Midwest Ind. Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1360-61 (Fed. Cir. 1999) (*en banc* in part).

Here, Plaintiffs appear to be arguing that Hirschkorn's use of his design patents as a basis to justify the take-down notices filed with Amazon violate New York State's Tortious Interference with Prospective Business Relations laws.  Hirschkorn's use of his patent to prevent others from making, using, selling, or offering for sale is protected and/or governed by federal patent law. "[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patentholder acted in bad faith." *Hunter Douglas*, 153 F.3d at 1336.  Plaintiffs Amended Complaint does not allege that Hirschkorn acted in "bad faith".  In fact neither the words "bad" nor "faith" appear in Plaintiffs' Amended Complaint.  As such, Plaintiffs cannot invoke the state law remedy.  Count Five is preempted by federal patent law.

In order to succeed on Plaintiffs' Tortious Interference with Prospective Business Relations, Plaintiffs would need to show that Hirschkorn *knew* his patents were invalid, not enforceable, or not infringed when Hirschkorn filed the relevant take down notices.  Plaintiffs have failed to allege any facts to make it plausible that Hirschkorn acted in bad faith when he filed the relevant take down notices.  Rather, Plaintiffs rely on a legal conclusion by concluding "Hirschkorn [made] wrongful and baseless claims . . .".  Am. Compl. at ¶ 40. This alleged legal conclusion is entitled to no weight. "Where a plaintiff claims that 'a patent holder has engaged in wrongful conduct by asserting claims of patent infringement,' that plaintiff must 'establish that the claims of infringement were objectively baseless." *Clearplay Inc. v Nissim Corp.,* 555 F. Supp.

2d 1318, 1331 (DS Fla. 2008)(*citing Globetrotter*, 362 F.3d at 1367). Plaintiffs fail to allege any facts which show it is plausible that Hirschkorn's belief that his design patents were infringed were objectively baseless.

Additionally, the validity of the two design patents is no longer at issue in this case. Plaintiffs have stipulated that the invalidity counts should be dismissed, and this Court has already dismissed those counts. Furthermore, in order to show that the two design patents are invalid or not enforceable, Plaintiffs would need to rely on federal patent law. Accordingly, federal patent law preempts the state law claim of count five. *See, Clearplay,* 555 F. Supp. 2d at 1331 ("it appears that Defendant's patent right assertions were made in good faith and were not objectively baseless, and Plaintiff did not offer any factual allegations to suggest otherwise. Thus, because Plaintiff failed to plead that Defendant acted in bad faith in asserting its patent rights, its state law tort claims are preempted by federal patent law.").

## IV.    CONCLUSION

For the reasons described above, this Court should dismiss Plaintiffs' Amended Complaint with prejudice.

Dated: January 28, 2019

By:   */s/ Steven War*
Steven War (admitted *pro hac vice*)
MCNEELY, HARE & WAR LLP
5335 Wisconsin Ave, NW, Suite 440,
Washington, DC 20015
Telephone (202) 274-0214
Fax (202) 478-1813

*Attorney for Defendant Liran Hirschkorn*

17

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019, a true and correct copy of the following documents:

(1) Defendant's Memorandum of Law to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b);

was served via e-mail to:

> Martin B. Pavane (MP4871)
>    MPavane@cozen.com
> Lisa A. Ferrari (LF8081)
>    LFerrari@cozen.com
> Darren S. Mogil (DM2065)
>    DMogil@cozen.com
> Mark Boezi
>    MBoezi@cozen.com
> COZEN O'CONNOR
> 277 Park Avenue
> New York, NY 10172
> Telephone (212) 883-4900
> Fax (212) 986-0604

> *Attorneys for Plaintiffs Godinger Silver Art Ltd. and P&W Gifts LLC*

Dated: January 28, 2019            Respectfully submitted,

> By:___*/s/ Steven War*_____
> Steven War (admitted *pro hac vice*)
> MCNEELY, HARE & WAR LLP
> 5335 Wisconsin Ave, NW, Suite 440,
> Washington, DC 20015
> Telephone (202) 274-0214
> Fax (202) 478-1813

> *Attorney for Defendant Liran Hirschkorn*

18