

February 27, 2019

Via ECF

Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Godinger Silver Art Ltd. and P & W Gifts LLC v. Liran Hirschkorn,
      1:18-cv-6175-ENV-ST (EDNY)

Dear Judge Vitaliano:

    We represent Defendant Liran Hirschkorn in the above-referenced litigation.

    We write in response to Plaintiffs' February 25, 2019 letter motion ("Plaintiffs' Motion") (D.E. 40) requesting that this Court strike various portions of Defendant's Reply Brief (D.E. 39, "Defendant's Reply"). For the reasons provided below, this Court should deny Plaintiffs' request in full. In addition, this Court should disregard the arguments made Plaintiffs' Motion.

    Plaintiffs' Motion requests this Court strike various portions of Defendant's Reply (D.E. 39) because Defendant's Reply includes "new arguments", *i.e.*, arguments that were not included in Defendant's Opening Brief (D.E. 37). Pls.' Mot., pp. 1, 3. However, Plaintiffs fail to acknowledge that these "new arguments" directly address new material issues raised in Plaintiffs' Opposition. D.E. 38. *Id.* Black letter law permits Defendant to "address new material issues raised in opposition papers so as to avoid giving unfair advantage to the answering party." *Zirogiannis v. Seterus, Inc.*, 221 F.Supp.3d 292, 298, (E.D.N.Y. 2016), (*citing Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013)); *AP Links, LLC v. Russ*, 09-CV-5437(JS)(AKT), 2017 U.S. Dist. LEXIS 124272, *17-*18 (E.D.N.Y. Aug. 7, 2017) ("arguments raised for the first time in a reply brief should be disregarded *unless* the arguments respond to 'new material issues raised in the opposition papers.'" (*citations omitted*) (emphasis added). Since each alleged "new" argument complained of by Plaintiffs is in response to new material issues raised in Plaintiffs' opposition papers, this Court should deny Plaintiffs' Motion in full.

    Plaintiffs also argue that Defendant was required to anticipate and address each specific argument Plaintiffs could include in Plaintiffs' Opposition before Plaintiffs actually served their Opposition. Plaintiffs based this argument on information contained in Plaintiffs' January 15, 2019 letter filed in accordance with your Honor's requirement for Pre-Motion Conferences. Pls.' Mot., pp. 1, 3. Plaintiffs are wrong.

    The facts before this Court with respect to Plaintiffs' Motion closely resemble the facts before Judge Nicholas Garaufis in *Gayle v. Harry's Nurses Registry*, 07-CV-4672(NGG)(MDG) 2012 US Dist. LEXIS 133279 (E.D.N.Y. 2012). Judge Garaufis' Individual Rules requires Pre-Motion Conferences in Civil Cases. In *Gayle* the "[d]efendants argue[d] that the court should

1

strike Plaintiffs' reply memorandum of law . . . because it 'raises new arguments and assertions which should have been included in plaintiff[s]' original motion papers.'" *Id.* at *4. Judge Garaufis rejected defendants' argument ruling that "[p]laintiffs did not have an obligation to anticipate in their opening papers the specific arguments Defendants raised in their opposition, their response to those arguments was properly raised in their reply. Defendants' motion to strike is therefore denied." *Id.* at *5. Not surprisingly, the Second Circuit affirmed Judge Garaufis' decision. *Gayle v. Harry's Nurses Registry, Inc.*, 594 F. App'x 714 (2d Cir. 2014). Similarly, this Court should rule that Defendant did not have an obligation to anticipate in his opening papers the specific arguments Plaintiffs might raise in their opposition, Defendant's response to those arguments was properly raised in Defendant's Reply.

### 1. Defendant's Arguments for Dismissal of Plaintiffs' Attorneys' Fees Claim is in Response to New Material Issues Raised in Plaintiffs' Opposition

Hirschkorn's opening brief did not include any arguments related to attorneys' fees. D.E. 37. Plaintiffs' Opposition included arguments that Plaintiffs' pending claims for attorneys' fees under 35 U.S.C. § 285 invests this Court with subject matter jurisdiction. Pls.' Opp'n, pp. 1, 4-7. As such, Hirschkorn properly addressed Plaintiffs' "attorneys' fees" argument in his reply brief. Black letter law permits Defendant to "address new material issues raised in opposition papers so as to avoid giving unfair advantage to the answering party." *Zirogiannis*, 221 F.Supp.3d at 298.

Plaintiffs' rely on three cases to claim that arguments raised for the first time in a reply brief should not be considered. These cases are *Mohamed v. Nolan Law Group, SmithKline Beecham Corp. v. Apotex Corp.*, and *Cincotta v. Hempstead Union Free Sch. Dist.* Pls.' Mot., pp 1 – 2. Plaintiffs' reliance on these cases is misplaced. Not one of these cases discuss when the new material addresses material issues raised for the first time in the opposition papers. *See Mohamed*, 574 F. App'x 45, 46 n.1 (2d Cir. 2014) (a claim for attorney deceit first raised in reply brief); *SmithKline*, 439 F.3d 1312,1319 (Fed. Cir. 2006) (issued not properly preserved on appeal); and *Cincotta*, 2016 U.S. Dist. LEXIS 116478, *18-*19 (E.D.N.Y. 2016) (untimeliness argument raised for the first time in reply brief and it was not raised in response to material included in opposition). Accordingly, Plaintiffs' request that Section II(B) of Defendant's Reply (D.E. 39) be stricken should be denied.

### 2. Plaintiffs' Attorneys' Fees Claim Should be Dismissed

In order for Plaintiffs to obtain their requested remedy of being awarded attorney fees, Plaintiffs must show that they are the prevailing party and that this case is exceptional. As argued in Defendant's Reply, Plaintiffs have not plead sufficient facts in their Amended Complaint to show that it is plausible that they are the prevailing party or that this case is exceptional.

Plaintiffs rely on *Snap-On Inc, v. Robert Bosch, LLC* and *HTC Corp v. Tech. Props* to support their argument that Plaintiffs are the prevailing party in this matter. However, the facts in those cases are strikingly different than the facts before this Court in that those litigations lasted for years and those courts made substantive rulings during that time. The lawsuit in the *Snap-On* matter was before the district court for around *six years* and the case involved: (1)

several motions to dismiss, (2) numerous discovery disputes, (3) various settlement negotiations, (4) cycled through various judges and (5) some of the asserted patents expired before Snap-On provided Bosch with a covenant not to sue. 2016 U.S. Dist. LEXIS 56465, *1-*3, (N. D. Ill, 2016). The different facts in this case do not support Plaintiffs being the prevailing party.

Similarly, the lawsuit in *HTC Corp.* was before the district court for over *five years*, discovery was completed, and trial was held. Again, the facts before this Court and the *HTC Corp.* court are vastly different.

When the Delaware District Court refused to rule that the defendant in a case before it was the prevailing party, that court stated "it cannot be the case that a party 'can benefit from a bona fide license agreement, obtained after the litigation began, and claim to be the prevailing party, without a single substantial court decision that favors that party.'" *Parallel Iron LLC v. NetApp Inc.*, 70 F.Supp.3d 585, 590 (D. Del 2014). In the matter before this Court, there has not been a single substantial court decision that favors Plaintiffs and Plaintiffs have not alleged sufficient facts for it to be plausible that they are the prevailing party.

Plaintiffs are arguing that they are the prevailing party because, allegedly, the filing of their complaint, and their motion for a preliminary injunction caused Defendant Hirschkorn to provide them with a covenant not to sue. Pls.' Mot., p. 2, n. 1. Plaintiffs' argument is based on the "catalyst" test that was previously used in some circuits to determine if a party had prevailed in a lawsuit. The Supreme Court rejected the catalyst theory in *Buckhannon Board & Care Home, Inc. v. West Virginia Department f Health & Human Resources*, 532 U.S. 598, 605-610 (2001).

Plaintiffs also rely on inapplicable cases for their proposition "that a party seeking attorney's fees need not plead facts supporting the claim." Pls. Mot., p. 2. Plaintiffs' cited case *Isringhausen Imps., Inc. v. Nissan N. Am. Inc.*, 2011 U.S. Dist. LEXIS 140045, *28 (C.D. Ill. 2011) involved a claim for attorney fees under 15 U.S.C. § 1117(a) under the Lanham Act, not a claim for attorney fees under 35 U.S.C. § 285. Plaintiffs fail to provide any analysis as to why their cited case is applicable under the facts before this Court.

Similarly, Plaintiffs cite to *Lokai Holdings LLC v. Twin Tiger USA, LLC*, 306 F.Supp.3d 629 (S.D.N.Y. 2018). The relevant issue in that case was "whether a request for attorney's fees can be pleaded as a cause of action." *Id.* at 644. According to the *Lokai Holdings* Court, "[t]he text of § 285 makes clear that the statute does not give rise to a separate cause of action . . . [and] an award of attorney's fees is a remedy that underlies a cause of action, but does not give rise to a separate [cause of action]." *Id.* The *Lokai Holdings* Court used these findings to dismiss defendant's counterclaim for attorney's fees. *Id.* at 645. Neither *Isringhausen Imps.* nor *Lokai Holdings* supports Plaintiffs' argument that they do not have to allege facts to plausibly show the case is exceptional under 35 U.S.C. § 285.

### 3. Defendant's Arguments for Dismissal of Plaintiffs' Tortious Interference Claims is in Response to New Material Issues Raised in Plaintiffs' Opposition

Defendant specifically identified case law in their Opening Brief that "Plaintiffs must allege a specific prospective relationship with which Defendant allegedly interfered." Def.'s Br., p. 6. Defendant also stated that "Plaintiffs use a 'shotgun' approach and include every conceivable relationship they could dream of . . .". *Id.* at 9. In their Opposition, Plaintiffs identified the third party allegedly interfered with as "potential customers from the public." Pls.' Opp'n, pp. 8-10. Similarly, in their Opposition, Plaintiffs specifically identified the wrongful means Defendant allegedly used. *Id.* at 9. Black letter law permits Defendant to "address new material issues raised in opposition papers so as to avoid giving unfair advantage to the answering party." *Zirogiannis*, 221 F.Supp.3d at 298. Plaintiffs identified "potential customers from the public" and the alleged wrongful means and Defendant addressed these new arguments in his Reply. The arguments contained in Defendant's Reply are properly limited to "issues newly raised in [Plaintiffs' opposition." *Gayle*, 2012 U.S. Dist. LEXIS at *4.

### 4. Plaintiffs' Tortious Interference Claim Should be Dismissed

In Defendant's Reply, Defendant cited to *Von Rohr Equip. Corp. v. Tanner Bolt & Nut Corp.*, 2017 U.S. Dist. LEXIS 184539 (E.D.N.Y. 2017); *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 115 (2d Cir. 2010); *Bus. Networks of N.Y. Inc. v. Complete Network Solutions, Inc.*, 265 AD2d 194, 696 N.Y.S.2d 433, 435 (N.Y. App. Div. 1999); and *Pacheco v. United Med. Assocs., P.C.*, 305 AD2d 711, 759 N.Y.S.2d 556, 559 (N.Y. App. Div. 2003) to show that black letter law requires Plaintiffs to specifically identify the third-party relationships Defendant has allegedly interfered with. Plaintiffs' failure to do so in their Amended Complaint is fatal to their Tortious Interference Claim. Plaintiffs attempt to rewrite the black letter law that "specific business relationships" must be identified to "non-specific general allegations of interference" are sufficient should be rejected.

### 5. Conclusion

Each of Defendant's "new" arguments was in direct response to arguments Plaintiffs included in their Opposition. There is no question that Defendant is permitted to include these responsive arguments in his Reply. Accordingly, Plaintiffs' Motion should be denied.

Respectfully,

Steven M War

Steven War

cc: Martin B. Pavane (Counsel for Plaintiffs) (by CM/ECF)
    Lisa A. Ferrari (Counsel for Plaintiffs) (by CM/ECF)
    Darren S. Mogil (Counsel for Plaintiffs) (by CM/ECF)
    Mark Boezi (Counsel for Plaintiffs) (by CM/ECF)